ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/22/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
JIAFANG CHI,

              Plaintiff,

    - against -

TANG PAVILION,

              Defendant.
- - - - - - - - - - - - - - - - - - -X

19 Civ. 5698 (LLS)

**ORDER**

    The complaint in this action relies upon this Court's diversity jurisdiction, but it does not adequately allege the existence of diversity jurisdiction.

    28 U.S.C. § 1332(a)(2) provides that district courts shall have jurisdiction over actions "where the matter in controversy exceeds the sum or value of $75,000" and are between "citizens of a State and citizens or subjects of a foreign state . . . ." However, there is no diversity jurisdiction "where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." Universal Licensing Corp. v. Paola del Lungo S.P.A., 293 F.3d 579, 581 (2d Cir. 2002).

    Plaintiff Jiafang Chi is a Chinese citizen. The complaint alleges that defendant Tang Pavilion is a "Limited Liability Company duly authorized to own property and conduct business in the State of New York."

- 1 -

A limited liability company takes the citizenship of its members. Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012) ("Defendant Aladdin is a limited liability company that takes the citizenship of each of its members."); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) ("we conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members."). "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc., No. 10 Civ. 46 (PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010).

Furthermore, if an LLC has members which are LLCs, the citizenship of the members of those LLCs must also be given, and must be diverse: "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007).

At the October 25, 2019 initial pre-trial conference, defendant's counsel represented (subject to verification) that Tang Pavilion is an LLC and that all of its members are New York citizens.

Accordingly, defendant is directed to file an affidavit setting forth the citizenship of each of Tang Pavilion's members on or before December 9, 2019, in order to adequately establish the existence of subject-matter jurisdiction.

So ordered.

Dated: New York, New York
      November 22, 2019

                                    /s/ Louis L. Stanton
                                       LOUIS L. STANTON
                                       U.S.D.J.